UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Susanna Kozak,

       Plaintiff,

v.

Medicredit, Inc.,

       Defendant.

_____/

CASE NO:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Susanna Kozak (hereinafter, "Ms. Kozak" or "Plaintiff"), by and through counsel, brings this action against Defendant, Medicredit, Inc. (hereinafter, "Defendant" or "Medicredit"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### PARTIES

2. Plaintiff, Ms. Kozak, is a natural person who resided in Spring Hill, Florida, at all times relevant to this action.

3. Defendant, Medicredit, is a Missouri corporation that maintained its principal place of business in Columbia, Missouri, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. Before Medicredit began contacting Ms. Kozak, it and Ms. Kozak had no prior business relationship and Ms. Kozak had never provided express consent to Medicredit to be contacted on her cellular telephone.

8. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Medicredit's revenue is debt collection.

10. Medicredit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Upon information and belief, Medicredit contacted Ms. Kozak to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Ms. Kozak is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Beginning around August 12, 2015, Medicredit began calling Ms. Kozak on her cellular phone at phone number (813) XXX-6425, in connection with the collection of a debt.

15. On more than one occasion, Ms. Kozak communicated her desire that Medicredit cease calling her.

16. On more than one occasion, Ms. Kozak informed Medicredit that she was represented by an attorney.

17. Despite these communications, including on or around October 13, 2015, Medicredit continued to call Ms. Kozak on her cellular phone.

18. Despite these communications, including on or around October 13, 2015, Medicredit refused to take down her attorney's contact information when Ms. Kozak tried to provide it to Medicredit, and Medicredit refused to speak with her attorney.

19. Medicredit's continued calls greatly angered Ms. Kozak, caused her telephone line to be occupied by the telephone calls, and caused her other harm.

20. Medicredit caused Ms. Kozak emotional distress, including but not limited to anger, frustration, anxiety, and stress.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

21. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 20 above as if fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

23. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

24. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT TWO

**Violations of the Florida Consumer Collection Practices Act**

25. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 20 above as if fully set forth herein.

26. At all times relevant to this action, Defendant is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

27. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

28. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

29. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

30. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

31. Defendant willingly and knowingly violated Fla. Stat. § 559.72(18) by communicating with Plaintiff after Defendant knew that Plaintiff was represented by an attorney and had knowledge of, or could readily ascertain, such attorney's name and address.

32. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

33. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

## COUNT THREE

### Violation of the Telephone Consumer Protection Act

34. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 20 above as if fully set forth herein.

35. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

36. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

37. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

38. A predictive dialer is an ATDS within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS, *7-9 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the*

*Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

39. The TCPA provides, in part:

> (b)   RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

40. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7999-8000, ¶ 72-73 (2015).

41. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

42. The "called party" may revoke and prior consent to be called on their cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7993, ¶ 55 (2015).

43. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

44. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

45. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

46. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr.*

*Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, \*21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, \*18-20 (N.D. Ga. 2011).

47. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at \*21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at \*31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

48. Defendant voluntarily placed non-emergency telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

49. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

51. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

-10-

    d.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    e.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: May 24, 2016

By: /s/ *Sharina Romano*
Sharina T. Romano, Esq.
Florida Bar No.: 65501

HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 904-853-3050
(F) 312-361-3509
(E) sharina@fairdebt411.com
*Counsel for Plaintiff*