UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSANNA KOZAK, JULIE VEGA,
JAMES PERRY NIXON, GABRIELLE
OLIVER, and AMANDA MINCEY,

    Plaintiffs,

v.                                    CASE No. 8:16-cv-1304-T-33AEP

MEDICREDIT, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Medicredit's Motion to Sever Plaintiffs' Suit into Separate Legal Actions (Doc. # 20), which was filed on August 22, 2016. Plaintiffs Susanna Kozak, Julie Vega, James Perry Nixon, Gabrielle Oliver, and Amanda Mincey filed a Response in Opposition to the Motion (Doc. # 21) on August 26, 2016. The Court denies the Motion without prejudice as outlined below.

**I.  Background**

On May 25, 2016, Kozak initiated this action against Medicredit by filing a three count Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, and the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227.  Among other allegations, Kozak

contends that Medicredit, a debt collector, made debt collection calls to her cellular telephone using an automatic telephone dialing system. (Doc. # 1 at ¶ 43). Kozak also claims that she requested that Medicredit cease placing the debt collection calls, but that such calls continued. (Id. at ¶ 15). She also claims that the calls continued even after she advised Medicredit that she was represented by counsel. (Id. at ¶ 16). The record reflects that Kozak served Medicredit with the Complaint on June 8, 2016 (Doc. # 5), and Medicredit filed its Answer on June 29, 2016. (Doc. # 6).

On June 30, 2016, the Court entered its Fast Track Scheduling Order. (Doc. # 8). That Order, "tailored to meet the particular circumstances of th[e] case" provides for an information exchange between the parties, including the filing of answers to the Court's Interrogatories, and an early mediation. Here, the mediation is set for September 13, 2016, before Peter Grilli, Esq. (Doc. # 15).

On July 21, 2016, Kozak filed an Amended Complaint joining four additional Plaintiffs: Vega, Nixon, Oliver, and Mincey. (Doc. # 12). Each Plaintiff asserts claims under the FDCPA, FCCPA, and the TCPA, and each Plaintiff contends that Medicredit used a automatic telephone dialing system to call their cellular telephone number to collect a consumer debt and "on at least one

occasion, communicated his or her desire that Medicredit cease calling him or her." (Doc. # 12 at ¶¶ 28-50). In addition to arraying allegations common to Plaintiffs' claims (such as that "Medicredit's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving customers like Plaintiffs,") the Amended Complaint also contains specific allegations targeted at each individual Plaintiff's claims. (Id. at ¶ 49).

Medicredit seeks an Order severing this case into five separate suits. Plaintiffs responds that the Court should deny the Motion to Sever without prejudice, so that the parties may proceed with the mediation set for September 13, 2016, and the limited discovery that is permitted under the Fast Track Scheduling Order. Plaintiffs agree that it may be appropriate to revisit the issues of joinder and misjoinder after more information becomes available as the case progresses.

## II. Discussion

Joinder and Misjoinder are governed by Federal Rules of Civil Procedure 20 and 21. Rule 20(a), regarding permissive joinder, provides that "Persons may join in one action as plaintiffs" if:

(A) They assert any right to relief jointly, severally,

> or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Rule 21 of the Federal Rule of Civil Procedure, on the other hand, describes misjoinder and states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party.

Commenting on the joinder of claims, the Supreme Court has commented: "under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966).

The court in DeShiro v. Branch, a case permitting joinder of sexual harassment claims brought by three plaintiffs, added, "Although the parameters set in Gibbs are broad, those parameters are limited by the Supreme Court's statement that the word 'transaction' has flexible meaning and 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" DeShiro, No. 96-cv-800, 1996 U.S. Dist. LEXIS 16933 (M.D. Fla. Nov. 13, 1996)(citing Moore v. N.Y. Cotton Exch., 270 U.S. 593,

610 (1926)). In DeShiro, the defendants complained that they would not receive a fair trial in the absence of severance due to potential jury confusion, much like Medicredit in the instant case; however, the court rejected defendants' prejudice argument stating, "any possible jury confusion can be managed with appropriate jury instructions, including limiting instructions, and specially tailored verdict forms." DeShiro, 1996 U.S. Dist. LEXIS 16933 at *6-7. The court further noted that "there are only three plaintiffs seeking to join actions here and this is not such an overwhelming number of plaintiffs that jurors will be unable to distinguish each plaintiff and remember their respective proffers of evidence." Id. at 7.[1]

Here, the five Plaintiffs allege that they have all been injured as a result of Defendant's debt collection practices, such as utilizing an automatic telephone dialing system, placing

---

[1] Severance is appropriate in cases with numerous plaintiffs and complex factual scenarios, such as Ravin v. Hockman, No. 06-cv-22492, 2007 U.S. Dist. LEXIS 33, at *16 (S.D. Fla. Jan. 3, 2007). In Ravin, the court characterized the case as "a 37-plaintiff, multiple count, mega case involving virtually hundreds of different variations of claims arising out of eight different investment vehicles associated with four different real estate projects." Id. at *15. Considering joinder, the court determined "that litigating what are in reality 37 separate lawsuits in one proceeding, while initially and facially seemingly appealing in terms of efficiency and convenience would, in fact, be very inefficient." Id. The fifteen-count Amended Complaint here, in which five consumers describe allegedly illegal collection activities, is a far cry from the scenario presented in Ravin.

calls to a cellular telephone, and continuing to place debt collection calls for medical debts after being asked to stop. For its part, Medicredit points out that:

> all Plaintiffs reside in different Florida cities and allege calls at different times for different debts incurred at different hospitals. Because of these differences, all Plaintiffs have unrelated call recordings, completed different forms from the underlying hospital creditor (such as admission and/or consent paperwork), and the underlying facts and defenses for each Plaintiff differ.

(Doc. # 20 at 2).

However, given the broad standard for joinder, the Court preliminarily finds that Plaintiffs' claims are logically related events and are regarded as arising from the same transaction or occurrence. Plaintiffs persuasively argue that their "common factual allegations, taken in their totality, support a company-wide pattern and practice of conduct by Medicredit, which Plaintiffs allege violates the FDCPA, the FCCPA, and the TCPA." (Doc. # 21 at 11). The Court finds that there are potential common questions of law and fact involved in the Plaintiffs' claims that arise from the same alleged debt collection activity.

Furthermore, the Court finds that the interests of judicial economy will be served by simultaneously hearing all of the Plaintiffs' claims, which are against one common defendant. Denying the Plaintiffs an opportunity to proceed collectively at

6

this time would only result in added time and delay, the filing of multiple lawsuits, and duplicative discovery. And, with respect to mediation, Plaintiffs correctly argue that "severing Plaintiffs' five claims would require five separate days on the mediator's calendar and five separate mediation statements." (Doc. # 21 at 3). In addition, "the costs and attorney's fees associated with five separate mediations will be exponentially more than streamlining the claims into one mediation." (Id.). Defendant's motion to sever the Plaintiffs' claims is accordingly denied without prejudice. The Court will revisit the issue of misjoinder at a later juncture, if warranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Medicredit's Motion to Sever Plaintiffs' Suit into Separate Legal Actions (Doc. # 20) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of August, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE